**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARTURO BEDOLLA, individually and on behalf of similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:20-cv-02526 ) |
| PAYCHEX OF NEW YORK LLC, a Delaware limited liability company, | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Paychex of New York LLC ("Defendant")[1] hereby removes this putative class

action from the Circuit Court of Cook County, Illinois to the United States District Court for the

Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action

Fairness Act ("CAFA") because minimal diversity exists and, based on Plaintiff's pleadings, the

maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and

1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

### I.   Overview of Claims Asserted and Relief Sought

Paychex Time & Attendance, Inc. d/b/a Icon Time Systems ("Icon")—not currently named

in this suit—is a New York-based vendor of timekeeping technology. Paychex of New York LLC

("Paychex of New York")—wrongly named as Defendant here—is a New York-based payroll

services company. In his Complaint, Plaintiff Arturo Bedolla asserts that he used Defendant's

timekeeping technology to clock in and out from work at an unidentified employer in a manner

---

[1] Paychex of New York LLC is wrongly named in this action.  Based on the allegations in the Complaint, the proper defendant appears to be Paychex Time & Attendance, Inc. d/b/a Icon Time Systems, a separate entity.  Out of an abundance of caution, this Notice of Removal proceeds based on both entities' citizenship information.

that violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* (*See, e.g.*, Compl. ¶ 16, attached as part of Exhibit A.[2])

Plaintiff appears to allege no fewer than six categories of violations under five different subparts of BIPA's Section 15. (Compl. ¶ 41.) Plaintiff alleges that Defendant failed to:

1) inform Plaintiff that his biometrics would be collected or stored (Section 15(b)(1));

2) inform Plaintiff of the specific purpose for which his biometrics were being collected, stored, and used (Section 15(b)(2));

3) inform Plaintiff of the length of time for which his biometrics were being collected, stored, and used (Section 15(b)(2));

4) obtain a written release from Plaintiff (Section 15(b)(3));

5) maintain a publicly available retention schedule regarding Plaintiff's biometrics (Section 15(a)); and

6) obtain informed consent prior to disclosing or re-disclosing Plaintiff's biometrics (Section 15(d)(1)).

(*Id.*) Plaintiff defines the putative class as follows:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, disseminated, or otherwise obtained by or on behalf of Defendant or its technology or equipment within the state of Illinois any time within the applicable limitations period.

(*Id.* ¶ 25.) Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each willful and/or reckless violation of BIPA[.]" (*Id.*, Prayer.)

## II.    Removal is Proper under CAFA

This Court has jurisdiction under CAFA because this is a purported class action (*id.* ¶¶ 10, 25) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions),

---

[2] Exhibit A is "a copy of all process, pleadings, and orders served" on Defendant. *See* 28 U.S.C. § 1446(a). The Complaint served on Defendant is styled as a First Amended Complaint; the original complaint was never served.

1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"), and 1446 (permitting removal).

## A. Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff alleges he is a resident and citizen of Illinois. Compl. ¶ 12. Defendant (Paychex of New York LLC) is a citizen of Delaware and New York because it is organized under the laws of Delaware and has its principal place of business in New York. 28 U.S.C. § 1332(d)(10) (in cases removed under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). Icon also is a citizen of Delaware and New York because it is a Delaware corporation with its principal place of business in New York. *See* 28 U.S.C. § 1332(c)(1). Accordingly, minimal diversity exists.

## B. Amount in Controversy Exceeds $5,000,000

Here, on the face of Plaintiff's pleadings, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts six types of alleged violations and seeks statutory damages of up to $5,000 for "each" violation (Compl. ¶ 41, Prayer), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). The Complaint also alleges that "there are at least hundreds" of members in the putative class. (*Id*. ¶ 27.) Even 167 class members would yield a maximum amount in controversy in excess of the jurisdictional prerequisite for the six

BIPA violations alleged (167 x $5,000 x 6 = $5,010,000).[3] Thus, the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### III. The Procedural Requirements for Removal Have Been Satisfied

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Defendant was served on March 26, 2020. *See* Ex. A. Counting forward 30 days comes to Saturday, April 25, 2020. That makes the deadline for removal Monday, April 27, 2020. FED. R. CIV. P. 6(a)(1)(C). There are no other defendants whose consent would be necessary.

Defendant is today timely filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal, attached hereto as Exhibit B. Defendant is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated: April 24, 2020                    Respectfully submitted,

**PAYCHEX OF NEW YORK LLC**

By: */s/ Matthew C. Wolfe*
        One of Its Attorneys

Melissa A. Siebert (*masiebert@shb.com*)
Matthew C. Wolfe (*mwolfe@shb.com*)
Ian M. Hansen (*ihansen@shb.com*)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
Firm No. 58950

***Attorneys for Defendant***

---

[3] Even counting only the five BIPA sections identified in the Complaint, rather than the alleged violations, it would require 201 class members to exceed the jurisdictional amount (201 x $5,000 x 5 = $5,025,000).

## CERTIFICATE OF SERVICE

I, Matthew C. Wolfe, an attorney, hereby certify that on **April 24, 2020**, I caused a true

and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of

record in *Bedolla v. Paychex of New York LLC*, Case No. 2020-CH-01535, in the Circuit Court

of Cook County, addressed as follows:

> Timothy P. Kingsbury
> Andrew T. Heldut
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Floor
> Chicago, IL  60601
> Tel: (312) 893-7002
> tkingsbury@mcgpc.com
> aheldut@mcgpc.com
>
> ***Attorneys for Plaintiff***


_____/s/ Matthew C. Wolfe_____