# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
03/26/2020
CT Log Number 537459504

**TO:** Stephanie Schaeffer
Paychex, Inc.
911 Panorama Trl S
Rochester, NY 14625-2396

**RE:** **Process Served in Illinois**

**FOR:** Paychex of New York LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Arturo Bedolla, etc,. Pltf. vs. Paychex of New York LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CH01535 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/26/2020 at 13:29 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/28/2020, Expected Purge Date: 04/02/2020 |
| | Image SOP |
| | Email Notification,  Stephanie Schaeffer  slschaefer@Paychex.com |
| | Email Notification,  Dana Bolia  dbolia@paychex.com |
| | Email Notification,  Denise Mackowiak  DMackowiak@paychex.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Thu, Mar 26, 2020

**Server Name:**       Sheriff Drop

**Location:**          chicago, IL-CHI

| | |
|---|---|
| Entity Served | PAYCHEX OF NEW YORK LLC |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2020CH01535 |
| Jurisdiction | IL-CHI |



Return Date: No return date scheduled
Hearing Date: 6/5/2020 9:30 AM - 9:30 AM
Courtroom Number: 2305
Location: District 1 Court
        Cook County, IL

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **Summons - Alias Summons** | (06/28/18) CCG 0001 | |

FILED
3/19/2020 3:07 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH01535

8918137

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Arturo Bedolla, individually and for a Class
_____
                                    (Name all parties)

                        v.

Paychex of New York LLC
_____

Case No. _____2020-CH-01535_____

c/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

### ☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

Witness: _____

3/19/2020 3:07 PM DOROTHY BROWN
_____

Atty. No.: ____56618____

Atty Name: __Timothy P. Kingsbury__

Atty. for: __Plaintiff__

Address: __55 W. Wacker Dr., 9th Fl.__

City: __Chicago__            State: __IL__

Zip: __60601__

Telephone: __(312)-893-7002__

Primary Email: __tkingsbury@mcgpc.com__

Secondary Email: __aheldut@mcgpc.com__

Tertiary Email: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer or copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
3/13/2020 4:37 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH01535

8865251

| | | |
|---|---|---|
| ARTURO BEDOLLA, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | No. 2020-CH-01535 |
| v. | ) ) ) | Hon. Pamela M. Meyerson |
| PAYCHEX OF NEW YORK LLC, a Delaware limited liability company, | ) ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) ) ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Arturo Bedolla ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Paychex of New York LLC d/b/a Icon Time Systems, Inc. ("Defendant"), for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.      Defendant is a leading provider of employee timekeeping solutions, including timekeeping equipment that relies on biometric information to track workers' time.

3.    Through the biometric devices it provides to various businesses and employers, Defendant captured, stored, and disseminated the biometrics of Plaintiff and other Class members without their informed written consent as required by BIPA.

4.    BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

    a.    inform that person in writing that his/her biometrics will be collected or stored;

    b.    inform that person in writing of the specific purpose and the length of term for which such biometrics are being collected, stored and used; and

    c.    receive a written release from the person for the collection of their biometrics.

740 ILCS 14/15(b)(1)-(3).

5.    BIPA also requires private entities in possession of biometric information to develop a publicly available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 740 ILCS 14/15(a).

6.    Finally, private entities are prohibited from disseminating or re-disclosing biometric information without informed consent. 740 ILCS 14/15(d).

7.    Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

8.    BIPA's requirements bestow upon individuals in Illinois a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold their biometrics.

2

9. Defendant's deprivation of Plaintiff's statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

10. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

11. Defendant Paychex of New York LLC d/b/a Icon Time Systems, Inc. is a limited liability company organized under the laws of the state of Delaware that conducts substantial business throughout Illinois, including in Cook County, and is licensed by the Illinois Secretary of State to transact business in Cook County, Illinois.

12. Plaintiff is a resident of Cook County, Illinois, and a citizen of the state of Illinois.

## JURISDICTION AND VENUE

13. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

14. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County.

3

## FACTS SPECIFIC TO PLAINTIFF

15.     Defendant is a leading provider of employee timekeeping solutions, including timekeeping equipment that relies on biometric information to track workers' time by comparing real-time biometric scans against stored biometrically derived templates.

16.     During his employment throughout the relevant limitations period, Plaintiff was required to scan his fingerprints, and/or other biometrics, into Defendant's biometric timekeeping device each time he needed to "clock-in" and "clock-out" of a shift at his job.

17.     Via its biometric technology, Defendant captured, collected, and otherwise obtained, and then stored for subsequent processing and comparison, the biometric identifiers and/or biometric information of Plaintiff and the Class members.

18.     Upon each biometric scan, Defendant received and stored, even if temporarily, either biometric identifiers, and/or portions or data derived therefrom, in some medium and format, in order to allow Defendant's customers the ability to subsequently access such biometrics and data for accurate timekeeping and payroll calculation.

19.     After capturing and storing Plaintiff's biometrics on its biometric devices, Defendant redisclosed the same, in some manner or format, to Plaintiff's employer for timekeeping and payroll calculation.

20.     Prior to obtaining Plaintiff's biometric identifiers, or data derived therefrom, i.e. biometric information, Defendant did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

21.     Prior to obtaining Plaintiff's biometric identifiers and information, during the process of obtaining same, and for an indefinite period following such collection or otherwise

4

handling, Defendant did not make publicly available any written policy as to a biometric retention schedule and guidelines for permanently destroying the collected biometrics.

22.     On information and belief, Defendant did not have a BIPA-compliant retention and destruction policy at the time it first came into possession of Plaintiff's and other class members' biometric identifiers and information, and for some time thereafter such initial collection.

23.     Additionally, Defendant did not obtain consent from Plaintiff for any dissemination or redisclosure of his biometrics.

24.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

25.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, disseminated, or otherwise obtained by or on behalf of Defendant or its technology or equipment within the state of Illinois any time within the applicable limitations period.

26.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

27.     Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

28.     Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other

5

members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

29. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

      a.    Whether Defendant's conduct is subject to BIPA;

      b.    When Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

      c.    Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

      d.    Whether and when Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

      e.    Whether Defendant's conduct violates BIPA; and

      f.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

30. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

31. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial

experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

32. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Class)

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Defendant is a private entity under BIPA.

35. BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

36. Illinois' BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention

policy. Entities that possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule. 740 ILCS 14/15(a).

37.     Plaintiff and the other Class members have had their "biometric identifiers," or portions and/or information derived therefrom, *i.e.* biometric information, collected, captured, received or otherwise obtained by Defendant. Defendant obtained such biometrics using its biometric timekeeping devices located at Plaintiff's and the Class members' respective places of employment.

38.     On each instance Plaintiff and the other Class members scanned their respective biometrics into Defendant's biometric devices, Defendant captured, collected, stored, and/or otherwise obtained Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with BIPA.

39.     In order to provide accurate and precise employee management services for Plaintiff's employer, Defendant obtained data and information that would not exist absent Defendant's capture, collection and storage of Plaintiff's biometric identifiers, and/or portions of information derived therefrom. This information allowed Defendant, *inter alia*, to provide its customers the ability to discern the identity and hours of work of a given worker, such as Plaintiff.

40.     In order to provide employee management services for Plaintiff's employer, Defendant necessarily, in some format or medium, stored biometric identifiers and/or biometric information on its devices and then disclosed the same so that Plaintiff's employer could access and use the same.

8

41.     Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a.      Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.      Defendant failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.      Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.      Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e.      Defendant failed to maintain a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a) at all times it was in possession of Plaintiff and the class members' biometrics; and

f.      Prior to disclosing or re-disclosing Plaintiff's biometric identifiers and/or information for employee management purposes, Defendant failed to obtain informed consent, as required by 740 ILCS 14/15(d)(1).

9

42.     By capturing, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric privacy, as set forth in BIPA.

43.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

44.     Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

45.     With respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding monetary damages and equitable relief for Defendant's negligence in an amount to be determined at trial;

g.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

h.  Awarding pre- and post-judgment interest, as allowable by law; and

i.  Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 13, 2020                    Respectfully submitted,

ARTURO BEDOLLA, individually and on behalf of similarly situated individuals

By:    /s/ Timothy P. Kingsbury
       *One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgp.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11